RENDERED: AUGUST 16, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0273-ME

T.T.                                                    APPELLANT

                       APPEAL FROM OLDHAM CIRCUIT COURT
v.                  HONORABLE DOREEN S. GOODWIN, JUDGE
                            ACTION NO. 23-J-00111-001

CABINET FOR HEALTH AND
FAMILY SERVICES, DIVISION OF
PROTECTION AND PERMANENCY,
COMMONWEALTH OF KENTUCKY;
B.T., A MINOR CHILD; AND L.T.                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

COMBS, JUDGE: This appeal arises from a Dependency, Neglect, or Abuse
(DNA) action.

Appellant's counsel, Honorable Rebecca A. Smither, has filed a
motion to withdraw and has tendered a brief pursuant to *Anders v. California*, 386
U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *A.C. v. Cabinet for Health*

*and Family Services*, 362 S.W.3d 361 (Ky. App. 2012).  By Order of this Court entered on May 3, 2024, the motion to withdraw was passed to this merits panel and Appellant was permitted to proceed *pro se* and file a supplemental brief within 30 days if he so desired -- as well as a reply brief.  Appellant has not filed either a supplemental or a reply brief.  We proceed with our review.

Where, as here, counsel files an *Anders* brief and a motion to withdraw, "we are obligated to independently review the record and ascertain whether the appeal is, in fact, void of nonfrivolous grounds for reversal." *A.C.*, 362 S.W.3d at 372.  In other words, we must determine if the appeal is lacking in any meritorious grounds.

In a DNA case, a trial court has considerable discretion which an appellate court may not disturb absent an abuse of that discretion.  *B.B. v. Cabinet for Health and Family Services*, 635 S.W.3d 802, 807-08 (Ky. 2021), sets forth the test governing our appellate analysis as follows:

> In a DNA action, the trial court has a great deal of discretion in determining whether the child is dependent, neglected, or abused. Under [Kentucky Rule of Civil Procedure] CR 52.01, a trial court's finding of fact shall not be set aside unless clearly erroneous . . . .
>
> Additionally, the trial court, as the finder of fact, has the responsibility to judge the credibility of all testimony, and may choose to believe or disbelieve any part of the evidence presented to it.  If a trial court's findings of fact are supported by substantial evidence and the correct law is applied, the appellate court will not

> disturb the decision unless an abuse of discretion has occurred.

(Internal quotation marks, citations, and footnote omitted.)

On November 28, 2023, the Cabinet filed a DNA Petition in the interest of B.T. (the child), a male born in 2014. The child's father is the Appellant, T.T. (Father); the child's mother is L.T. The Cabinet alleged that "the family has a history with [the Cabinet] dating back to 2010, due to ongoing domestic violence. The Cabinet received a report on 11/16/2023, regarding [the child] being exposed to ongoing domestic violence between his parents." The Petition reflects that the Cabinet worker had confirmed the allegation with the child and that the parents had been "minimally compliant . . . prohibiting [the Cabinet's] ability to engage them in services to reduce the threat to [the child]."

On November 30, 2023, the family court conducted a temporary removal hearing. The court ordered that the child remain in the mother's temporary custody, that Father not live in the family residence, and that Father's parenting time be supervised by the parental grandparents.

On January 17, 2024, the family court conducted an adjudication hearing. We have reviewed the recorded proceeding. At the close of the hearing, the court adjudicated the child neglected or abused by a preponderance of the evidence based upon the child's testimony of his exposure to domestic violence in the home. The court noted that the child's statements were consistent with what he

-3-

had told the school guidance counselor. The child's testimony (in chambers) and the testimony of the guidance counselor are fairly summarized at page 4 of the *Anders* brief, which we will not repeat here.

In its adjudication Order entered January 18, 2024, the family court found that the child had been exposed to domestic violence in the home and that neglect or abuse had been proven by a preponderance of the evidence. The court determined that the child was neglected or abused as defined in KRS[1] 600.020(1)(a),[2] repeating in its findings the statutory elements defining an abused or neglected child:

---

[1] Kentucky Revised Statutes.

[2] KRS 600.020 provides in relevant part that:

> (1) "Abused or neglected child" means a child whose health or welfare is harmed or threatened with harm when:
>
> (a) His or her parent, guardian, person in a position of authority or special trust, as defined in KRS 532.045, or other person exercising custodial control or supervision of the child:
>
> 1. Inflicts or allows to be inflicted upon the child physical or emotional injury as defined in this section by other than accidental means;
>
> 2. Creates or allows to be created a risk of physical or emotional injury as defined in this section to the child by other than accidental means;
>
> . . .
>
> 4. Continuously or repeatedly fails or refuses to provide essential parental care and protection for the child, considering the age of the child[.]

The child's parent(s) . . .

☑Inflicted or allowed to be inflicted upon the child physical or emotional injury by other than accidental means;

☑Created or allowed to be created a risk of physical or emotional injury by other than accidental means;

. . .

☑Continuously or repeatedly failed or refused to provide essential parental care and protection for the child, considering the age of the child.

The adjudication Order further reflects that the family court adopted the Cabinet's recommendations in its January 12, 2024, report. Those recommendations included that the child remain in his mother's custody; that Father enroll, participate in, and complete BIP (Batterer Intervention Program); that Father complete a mental health assessment and follow all recommendations; and that the family cooperate with the Cabinet. The court ordered that Father's parenting time/ visitation be supervised by paternal grandmother or grandfather "so long as they are appropriate supervisors."

On January 31, 2024, the Cabinet filed a dispositional report reflecting that Father had not completed his BIP and had not responded to the Cabinet worker regarding home visits or case planning. Recommendations were that the case remain a non-removal; and that Father cooperate with the Cabinet, complete a

mental health assessment, follow all recommendations, and complete the BIP with New Beginnings.

On February 1, 2024, the family court conducted a disposition hearing and entered a disposition Order accepting and adopting the Cabinet's January 31, 2024, recommendations. On February 29, 2024, Father filed notice of appeal to this Court.

Having independently reviewed the record, we conclude that the family court's findings of fact are supported by substantial evidence and that the court correctly applied the law in determining that the child is an abused or neglected child as defined in KRS 600.020(1)(a). No abuse of discretion occurred. We agree that there are no meritorious grounds for appeal.

Accordingly, we affirm. By separate Order we grant Father's counsel's motion to withdraw.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rebecca A. Smither
Louisville, Kentucky

BRIEF FOR APPELLEE CABINET FOR HEALTH AND FAMILY SERVICES, DIVISION OF PROTECTION AND PERMANENCY, COMMONWEALTH OF KENTUCKY:

Jon R. Fee
LaGrange, Kentucky